UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TRAVIS LANIER WILLIAMS, | : | Case No. 3:21-cv-125 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| OHIO DEPARTMENT OF MEDICAID, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER DISMISSING *PRO SE* PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE ON INITIAL REVIEW UNDER 28 U.S.C. § 1915, ORDERING THAT SERVICE OF PROCESS NOT ISSUE, AND DIRECTING THE CLERK TO TERMINATE THIS CASE ON THE DOCKET**

This case is before the Court on *pro se* Plaintiff's complaint filed *in forma pauperis*. (Doc. 1-2.) In accordance with 28 U.S.C. §1915(e)(2), the Court must, *sua sponte*, perform an initial review of the instant action and dismiss any case that is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In conducting this initial review under Section 1915, the Court accepts *pro se* Plaintiff's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 762 F.2d 1006 (table), 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

1

In addition to the review required by Section 1915, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). In fact, courts must "determine whether [they] have subject-matter jurisdiction over a case before proceeding at all." *In re Lee*, 880 F.3d 242, 243 (6th Cir. 2018).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, federal courts must presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010) (citation omitted). Thus, "[a] plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction." *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003). "Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties." *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 344 (6th Cir. 2008) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different States").

Here, citing various portions of the Ohio Revised Code and the United States Code, it appears Plaintiff is asserting an action based on his alleged interest in his great-grandmother's home on which Defendant had previously filed a lien. (Doc. 1-2 at PageID 7.) Plaintiff's filings assert differing bases for the Court's jurisdiction over his action, at one point indicating diversity

2

jurisdiction (*see* Doc. 1-1) while at another indicating federal question jurisdiction (*see* Doc. 1-2 at PageID 9).

First, Plaintiff sets forth no allegations showing that this Court possesses diversity jurisdiction over this action under 28 U.S.C. § 1332(a). Second, Plaintiff points to a federal statute to assert federal question jurisdiction: 50 U.S.C. § 4305(b)(2). (Doc. 1-2 at PageID 9.) However, based on Plaintiff's allegations, there is no indication the statute is applicable to this action or would provide Plaintiff with a private right of action. *See, e.g., Dunlap v. Land Rover Fin. Grp.*, No. Civ. H-18-0096, 2019 U.S. Dist. LEXIS 74827, 2019 WL 1919121, at *3 (S.D. Tex. Feb. 21, 2019) (plaintiff had not shown that 50 U.S.C. § 4305(b)(2) gave rise to an independent cause of action or applied to the facts at issue in the case; recommending dismissal of complaint). Instead, that statute is part of the Trading with the Enemy Act of 1917, was passed during World War I, and—as its title implies—addresses war and national defense, specifically trading with the enemy. 50 U.S.C. § 4305 (titled "Suspension of provisions relating to ally of enemy; regulation of transactions in foreign exchanges of gold or silver, property transfers, vested interests, enforcement and penalties."); *see also Uebersee Finanz-Korporation, A.G. v. Clark*, 82 F. Supp. 602, 605 (D.D.C. 1949) ("[t]he purpose of the Trading with the Enemy Act was to reach enemy interests which masqueraded under innocent fronts and where securities or other interests are found to be held by a neutral but under circumstances constituting enemy taint, return of the property after vesting by the Alien Property Custodian will be barred").

In sum, the Court finds that Plaintiff's pleading fails to sufficiently support the existence of the Court's jurisdiction. Absent a federal cause of action or diversity among the parties, the Court lacks the jurisdiction to proceed in this matter. Plaintiff may attempt to file his action in state court. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** to refiling in a state

court of competent jurisdiction.  The Court orders that service of process not issue and that this action be **TERMINATED** on the Court's docket.

      **DONE** and **ORDERED** in Dayton, Ohio, this Monday, April 26, 2021.

                                          s/Thomas M. Rose

                                         _____

                                            THOMAS M. ROSE
                                        UNITED STATES DISTRICT JUDGE

4